IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIMOTHY ALLEN HONEA, )
)
Plaintiff, )
)
v. ) 1:23CV829
)
FRED WEBB, et al., )
)
Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Timothy Allen Honea, a pretrial detainee facing criminal charges in Lee County, North Carolina, submitted a *pro se* complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names as Defendants: 1) Fred Webb, who is Plaintiff's appointed defense attorney, 2) Bob Boykin, who is a private investigator appointed by the North Carolina Capital Defenders Office to aid Plaintiff's defense, 3) Robert Sharp, who is the director of that office, and 4) North Carolina Superior Court Judge C. Winston Gilchrist, who has handled proceedings in Plaintiff's pending case. Plaintiff claims that all Defendants violated his rights by mishandling his case in various ways. He seeks damages, the recusal of Judge Gilchrist from his case, and an order that the Lee County District Attorney hold a new bond hearing in front of a different judge.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted and because it seeks monetary damages from a defendant with immunity from such relief.

The Court first notes that Plaintiff names the judge handling his criminal case as a Defendant based on his actions in the case. Judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff's complaint against Defendant Gilchrist should therefore be dismissed. To any extent that Plaintiff requests injunctive relief, he asks that the Court order Defendant Gilchrist to recuse himself from Plaintiff's criminal case and order the prosecutor to hold a bail hearing in front of another judge. However, this Court does not control the recusals of state court judges or the setting of bond or bond hearings in the state courts. Further, the prosecutor is not a party to this action and, therefore, not subject to court orders entered in the case. Accordingly, Plaintiff's request for injunctive relief also fails and should be dismissed.[2]

Plaintiff also names defense attorneys as Defendants. However, defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983 whether they are privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976),

---

[2] To the extent that Plaintiff seeks to challenge the constitutionality of his custody, he would need to do so through the filing of a petition for habeas corpus under 28 U.S.C. § 2241 after exhausting any available remedies in the state courts. Further, he should be aware that such intervention in a state court criminal proceeding is not ordinarily appropriate and can only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). The Court can consider those issues further if Plaintiff files a Petition under § 2241.

appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, Polk County v. Dodson, 454 U.S. 312, 324 (1981). The same is true for Defendant Boykin who was also a private party appointed to aid Plaintiff's defense attorney. For this reason, Plaintiff cannot pursue these claims via § 1983 and, if he has a remedy against Defendants Webb, Sharpe, and Boykin, he must find it under the appropriate state law.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation. Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment if funds are available. The *in forma pauperis* application reflects that Plaintiff has no funds with which to make a payment. Therefore, the Court will not order an initial payment, but will instead order that Plaintiff's custodian withdraw funds as they become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of November of 2023, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

5

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

This, the 2nd day of November, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge